cUNITED STATES DISTR
EASTERN DISTRICT OF
NORTHERN DIVI

Case: 1:24-cv-12000
Judge: Ludington, Thomas L.
MJ: Morris, Patricia T.
Filed: 07-30-2024

**Patrick-Joseph: Groulx**

Plaintiff/Prosecutor

JURY TRIAL IS DEMANDED PURSUANT
TO THE SEVENTH AMENDMENT OF THE
UNITED STATES CONSTITUTION

Vs.

**Takeda Pharmaceutical Company** aka BioLife Plasma Services, Takeda Oncology, Takeda
Canada, Takeda U.K., Takeda France, TiGenix, Nimbus Lakshmi, Maverick Therapeutics, TAP
Pharmaceuticals, Takeda Science Foundation, Baxter BioScience Manufacturing Sarl, PVP
Biologics, Shire Pharmaceutical Holdings Ireland, Takeda Bio Development Center Limited,
Takeda Farmacêutica Brasil, Takeda Manufacturing U.S.A., Takeda (China) Holdings Co.,
Adaptate Biotherapeutics, Takeda Pharma Vertrieb, Shire Acquisitions Investments Ireland
Designated Activity Company, Takeda Nederland, Takeda America Holdings, Takeda Italia,
Takeda Pharmaceuticals Asia Private Limited, Nycomed Austria, Takeda Healthcare Philippines,
A-Digital,  Takeda Belgium, Takeda Israel, Takeda Europe Holdings, Pharma International
Insurance, Takeda Pharmaceuticals Korea Co., Nycomed Pharmaceuticals, Takeda
Farmaceuticos Portugal, Nycomed SICAR, Takeda Italia Farmaceutici, Tianjin Takeda
Pharmaceuticals Co., Takeda Development Centre Europe, Nycomed Christiaens, Takeda
Pharma, Plasmapunkt Favoriten, Takeda Dunboyne Biologics Limited, Takeda Pharmaceuticals
International, TAP Finance, Takeda Globalresearch & Development Center, PT. Takeda
Indonesia, Plasmaspendedienst, Plasmaspendezentrum Donaustadt, Takeda, and Vascular
Plazma

**Baxter Healthcare Corporation** aka BioLife Plasma Services, Welch Allyn, Liko, Milacron,
Hill-Rom Holdings, Mortara Instrument, Trumpf Medical Systems, Hill Rom, Epiphany
Cardiography Products, Comfort Holdings, Hill-Rom de Mexico, Eagle Acquisition Sub,
Connecta Soft, Welch Allyn Holdings, Huntersville Insurance Company, Hillrom Investment
Holdings, Vantive US Healthcare, Baxter Corporation, Laboratorios Baxter, Baxter India Private
Limited, Baxter, Gambro, Baxter Hospitalar, Baxter Medical AB, Baxter Healthcare Corporation
of Puerto Rico, Baxter Belgium, Cheetah Medical, Baxter Deutschland, Synovis Life
Technologies, Baxter Pharmaceutical Solutions, Gambro Lundia AB, Baxter Healthcare Pty,
Baxter Corporation Englewood, Synovis Micro Companies Alliance, Baxter Ecuador, Gambro
Dasco Spa, Bieffe Medital, Baxter AG, toSense, Baxter Médico-Farmacêutica, Baxter
Pharmaceuticals India Pvt, Baxter Limited, Claris Injectables Limited, Baxter (Malta) Holding,
Vantive Health, Gambro, Baxter BioSurgery, Gambro Renal Products, RTS Americas, Sapa
Prodotti Plastici Sagl, Baxter World Trade Corporation, Baxter Incorporated, Gambro Renal
Products, Baxter Deutschland Holding, Baxter Productos Medicos, Wound Care Technologies,
Baxter Oy, Baxter Healthcare Limited, Baxter Argentina, Baxter Polska,  and Baxter Pacific
Investments

**BioLife Plasma Services LP,**

DEFENDANTS.                                                                      /
_____

## COMPLAINT

### I.   PARTIES OF THE COMPLAINT AND THEIR CONTACT INFORMATION

**A.** Patrick-Joseph: Groulx is the Plaintiff and the Prosecutor who resides in Saginaw Michigan at 2070 Houlihan Road with a contact number of 989 860-2550 and an email of mr.288074@yahoo.com.

**B.** Takeda Pharmaceutical Company aka BioLife Plasma Services is located at 75 Sidney Street Cambridge, MA 02139 and is incorporated under the laws of Delaware and has a registered agent known as the Corporation Company located at 40600 Ann Arbor Road E STE 201, Plymouth MI 48170

**C.** Baxter Healthcare Corporation aka BioLife Plasma Services is located at 1 Baxter Parkway, Deerfield, IL 60015 and is incorporated under the laws of Delaware and has a registered agent known as the Corporation Company located at 40600 Ann Arbor Road E STE 201, Plymouth MI 48170

**D.** BioLife Plasma Services LP has a headquarters located at 1200 Lakeside Dr, Deerfield, Illinois 60015 and is incorporated under the laws of Delaware and has a registered agent known as the Corporation Company located at 40600 Ann Arbor Road E STE 201, Plymouth MI 48170

### JURISDICTION AND VENUE

Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1332 and § 1391 because the amount in controversy exceeds $75,000.

### II. TERMS OF THE COMPLAINT

**a.** If Defendants fail to Object to any of the terms inscribed here, defendants lose their right to argue the terms and lose their right to argue any term not objected to in an appeal.

**b.** Every Objection must be separate from the Answer; an Objection is not an answer to a complaint.

    **c.** Every Objection for a term is a separate objection, 2 or more terms cannot be combined in a single objection, each term being objected to must be a different filing.

    **d.** Failure to Object to any term will leave a door open for a motion for an order reflecting the terms to be enforced in this suit.

    **e.** The Plaintiff, the Court and the Judge and/or Magistrate Judge are not bound to these terms.

    **f.** Defendant cannot file a summary disposition unless it is used to fix a defective document.

    **g.** Defendants cannot file a motion to dismiss.

    **h.** Plaintiff will have the right to amend his Complaint as needed to the 12th time.

    **i.** Defendants are not allowed to Sanction Plaintiff.

    **j.** Defendants cannot file a motion for Sanctions.

    **k.** Defendants cannot deem this action as frivolous.

    **l.** Plaintiff only has to prove injury, harm or loss, nothing more and nothing less.

## III. NATURE OF THE ACTION

### I. INTRODUCTION

This is an action for fraudulently taking over 880 ml of plasma from Plaintiff without compensation and taking over 880 ml of plasma endangered Plaintiff's wellbeing which had the potential to kill Plaintiff when taking over 880 ml of plasma from a person such as the Plaintiff

## II. FACTUAL BACKGROUND

According to the Code of Federal Regulations Title 21, Section 640.63, individuals who weigh 175 pounds or more may donate plasma up to two times in a seven-day period, with at least 48 hours between donations. However, the total volume of plasma collected in a single donation may not exceed 880 milliliters.

On January 12, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation. (See Exhibit-A, B and C)

On January 14, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation. (See Exhibit-A, B and C)

On January 19, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation. (See Exhibit-A, B and C)

On January 21, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation. (See Exhibit-A, B and C)

On January 26, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation. (See Exhibit-A, B and C)

On January 28, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation. (See Exhibit-A, B and C)

On February 2, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation. (See Exhibit-A, B and C)

On February 4, 2023, at G3559 Miller Rd, Flint, MI 48507, Defendant-C, Bio Life Plasma Services took over 880 ml of plasma from Plaintiff Patrick-Joseph Groulx without compensation. (See Exhibit-A, B and C)

Plaintiff alleges that Defendant-C fraudulently took over 880 ml of plasma from him while not providing any compensation and causing health issues. (See Exhibit-A, B and C)

## DEFENDANT A and B

Defendant-A and B are the parents of Defendant-C which are all equally to be sued civilly

## Plaintiff's RESEARCH AND FINDINGS

Plaintiff finds it wrong to take over 880 ml of plasma from a person. This is because plasma is a vital part of the human body, and taking too much can lead to serious health problems.

Plasma is the liquid portion of blood that carries nutrients and oxygen to the cells and removes waste products. It also contains antibodies, which help the body fight infection.

Taking too much plasma can lead to a number of problems, including:

> Dehydration, Fatigue, Dizziness, Lightheadedness, Headache, Nausea, Migraine, Vomiting, Muscle cramps, Low blood pressure, Shock, and Death,

In severe cases, taking too much plasma can lead to death.

Plaintiff believes that taking over 880 ml of plasma from a person is wrong because it can put the person's health at risk

## Plaintiff is entitled to a full Relief

Plaintiff is entitled $80,000,000,000.00 (Eighty Billion dollars) from Defendant –A (See Exhibit-D); $800,000,000 (Eight Hundred Million) from Defendant-B (See Exhibit-E) and $8,000,000.00 (Eight Million Dollars) from Defendant-C (See Exhibit-F) for negligence, violating federal law, and for endangering Plaintiff's wellbeing which could of led to a serious injury and/or death.

### III. CIVIL CLAIM

1. Plaintiff incorporates by reference the civil claim in the proceeding paragraphs:

## COUNT I

### DEFENDANT-A'S SUBSIDIARY BIOLIFE FRAUDULENT NONCOMPLIANCE WITH TITLE 21, SECTION 640.63 OF THE CODE OF FEDERAL REGULATIONS THROUGH THE COLLECTION OF OVER 880 MILLILITERS OF PLASMA

1. DEFENDANT-A's subsidiary Biolife knowingly know that they illegally took over 880 ml of plasma from Plaintiff pursuant to Code of Federal Regulations Title 21, Section 640.63 (See Exhibits A-C and G)

2. Defendant-A and its subsidiary knowingly know the Code of Federal Regulations Title 21 Section 640.63 is publically known. (See Exhibit-G)

3. Defendant-A's subsidiary BioLife fraudulently on January 12th, 14th, 19th, 21st, 26th, and 28th of 2023 and February 2nd and 4th of 2023 at G3559 Miller Rd, Flint, MI 48507 at around 9:00 am to 12 pm. (See Exhibits A-C)

4. Defendant-A and its subsidiary BioLife knowingly know this increases health issues to Plaintiff.

5. Defendant-A's subsidiary BioLife owed Plaintiff a duty to exercise reasonable care in the collection and use of his plasma.

6. Defendant-A's subsidiary BioLife breached this duty by negligently taking over 880 ml of Plaintiffs' plasma without compensation and endangering Plaintiff's health.

7. Plaintiff DEMANDS a full and total EXTRA- ORDINARY RELIEF of $80,000,000,000.00 (Eighty Billion dollars) from Defendant-A, civilly, severally, fraudulently, corporately, personally, strictly, and tortuously, with an annual interest rate of 13%, compounded each month with 1% from the time of filing the Summons and Complaint for personal, special and private damages and,

## COUNT I

### DEFENDANT-B'S SUBSIDIARY, BIOLIFE FRAUDULENT NONCOMPLIANCE WITH TITLE 21, SECTION 640.63 OF THE CODE OF FEDERAL REGULATIONS THROUGH THE COLLECTION OF OVER 880 MILLILITERS OF PLASMA

1. DEFENDANT-B's subsidiary Biolife knowingly know that they illegally took over 880 ml of plasma from Plaintiff pursuant to Code of Federal Regulations Title 21, Section 640.63. (See Exhibits A-C and G)

2. Defendant-B and its subsidiary knowingly know the Code of Federal Regulations Title 21 Section 640.63 is publically known. (See Exhibit G)

3. Defendant-B's subsidiary BioLife fraudulently on January 12th, 14th, 19th, 21st, 26th, and 28th of 2023 and February 2nd and 4th of 2023 at G3559 Miller Rd, Flint, MI 48507 at around 9:00 am to 12 pm. (See Exhibits A-C)

4. Defendant-B and its subsidiary BioLife knowingly know this increases health issues to Plaintiff.

5. Defendant-B's subsidiary BioLife owed Plaintiff a duty to exercise reasonable care in the collection and use of his plasma.

6.  Defendant-B's subsidiary BioLife breached this duty by negligently taking over 880 ml of Plaintiffs' plasma without compensation and endangering Plaintiff's health.

7.  Plaintiff DEMANDS a full and total EXTRA-ORDINARY RELIEF of $800,000,000 (Eight Hundred Million) from Defendant-B civilly, severally, fraudulently, corporately, personally, strictly, and tortuously, with an annual interest rate of 13%, compounded each month with 1% from the time of filing the Summons and Complaint for personal, special and private damages and,

## COUNT I

### DEFENDANT-C FRAUDULENT NONCOMPLIANCE WITH TITLE 21, SECTION 640.63 OF THE CODE OF FEDERAL REGULATIONS THROUGH THE COLLECTION OF OVER 880 MILLILITERS OF PLASMA

1.  DEFENDANT-C knowingly know that they illegally took over 880 ml of plasma from Plaintiff pursuant to Code of Federal Regulations Title 21, Section 640.63. (See Exhibit A-C and G)

2.  Defendant-C knowingly know the Code of Federal Regulations Title 21 Section 640.63 is publically known. (See Exhibit G)

3.  Defendant-C fraudulently on January 12th, 14th, 19th, 21st, 26th, and 28th of 2023 and February 2nd and 4th of 2023 at G3559 Miller Rd, Flint, MI 48507 at around 9:00 am to 12 pm. (See Exhibits A-C))

4.  Defendant-C knowingly know this increases health issues to Plaintiff.

5.  Defendant-C owed Plaintiff a duty to exercise reasonable care in the collection and use of his plasma.

6.  Defendant-C breached this duty by negligently taking over 880 ml of Plaintiffs' plasma without compensation and endangering Plaintiff's health.

7.  Plaintiff DEMANDS a full and total EXTRA-ORDINARY RELIEF of $8,000,000.00 (Eight Million Dollars) from Defendant-C civilly, severally, corporately, punitively, personally, fraudulently, strictly, and tortuously, with an annual interest rate of 13%, compounded each month with 1% from the time of filing the Summons and Complaint for personal, special and private damages.

## IV. EXTRA-ORDINARY RELIEF

**A.** Plaintiff DEMANDS a full and total EXTRA- ORDINARY RELIEF of $80,000,000,000.00 (Eighty Billion dollars) from Defendant-A, civilly, severally, fraudulently, corporately, personally, strictly, and tortuously, with an annual interest rate of 13%, compounded each month with 1% from the time of filing the Summons and Complaint for personal, special and private damages

and,

**B.** Plaintiff DEMANDS a full and total EXTRA-ORDINARY RELIEF of $800,000,000 (Eight Hundred Million) from Defendant-B civilly, severally, fraudulently, corporately, personally, strictly, and tortuously, with an annual interest rate of 13%, compounded each month with 1% from the time of filing the Summons and Complaint for personal, special and private damages

and,

**C.** Plaintiff DEMANDS a full and total EXTRA-ORDINARY RELIEF of $8,000,000.00 (Eight Million Dollars) from Defendant-C civilly, severally, corporately, punitively, personally, fraudulently, strictly, and tortuously, with an annual interest rate of 13%, compounded each month with 1% from the time of filing the Summons and Complaint for personal, special and private damages.

_Patrick-Joseph: Groulx_                                      July 29, 2024

Patrick-Joseph: Groulx                                              Date
2070 Houlihan Road
Saginaw Michigan [48601]
989 860-2550
mr.288074@yahoo.com

*Exhibit A with Attachments*

### AN AFFIDAVIT OF TRUTH BY Patrick-Joseph: Groulx

NOW COMES Affiant, Patrick-Joseph: Groulx with an Affidavit of Truth.

Affiant incorporates all the facts, truths and declarations in the preceding paragraphs:

A. **I, Patrick-Joseph: Groulx** am competent for stating the matters set forth here with.

B. **I, Patrick-Joseph: Groulx** have personal knowledge concerning the facts stated herein.

C. All the facts stated herein are true, correct, complete, and certain, not misleading, admissible as evidence, and if stating **I, Me, Myself**, and One Patrick-Joseph: Groulx shall so state:

> On January 12, 2023, Takeda Pharmaceuticals International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On January 14, 2023, Takeda Pharmaceuticals International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On January 19, 2023, Takeda Pharmaceuticals International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On January 21, 2023, Takeda Pharmaceuticals International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On January 26, 2023, Takeda Pharmaceuticals International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On January 28, 2023, Takeda Pharmaceuticals International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On February 2, 2023, Takeda Pharmaceuticals International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On February 4, 2023, Takeda Pharmaceuticals International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

D. If any living soul has information that will controvert and overcome this Declaration, since this a commercial matter, please advise me IN WRITING by DECLARATION/AFFIDAVIT FORM, under your unlimited commercial liability, including but not limited to the pains and penalties of perjury, within 28 days providing me with your counter Declaration/Affidavit, proving with particularity by stating all requisite actual evidentiary fact(s) and all requisite actual law, and not merely the ultimate facts and law conclusions that this affidavit by Declaration is substantially and materially my or the fiction's status and factual declaration.

E. Your silence stands as consent, and tacit approval, for the factual declarations here being established as fact as a law matter and this affidavit by Declaration will stand as evidence against you.

**Plain Statement of Facts**

I declare that the statements above are true to the best of my information, knowledge, and belief.

_____     7-22-2024
Patrick-Joseph: Groulx                                          Date
2070 Houlihan Road
Saginaw Michigan 48601
989 860-2550

**JURAT**

SAGINAW COUNTY          )
                                          )
MICHIGAN STATE            )

Subscribed and affirmed before me this _22nd_ day for the _July_ month in the year of our Primal Creator, Two Thousand and Twenty-Four(2024), A.D.

_____
Notary

_100 S. Michigan Ave_____     Seal
Address of notary

_April 29, 2027_____
My notary expires

DONNA COLE
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF SAGINAW
My Commission Expires April 29, 2027
Acting in the County of _Saginaw_

January 14, 2023



Attachment - A
To Exhibit
A



What this
Means is that
Nore Plasma
⟵ Being donated

January 26, 2023

Attachment-B
to Exhibit 2-A

Feb. 2, 2023





January 28th of 2023

Attachment A
To Exhib A-A

February 4, 2024



*Exhibit B with Attachments*

## <u>AN AFFIDAVIT OF TRUTH BY Patrick-Joseph: Groulx</u>

NOW COMES Affiant, Patrick-Joseph: Groulx with an Affidavit of Truth.

Affiant incorporates all the facts, truths and declarations in the preceding paragraphs:

A. **I, Patrick-Joseph: Groulx** am competent for stating the matters set forth here with.

B. **I, Patrick-Joseph: Groulx** have personal knowledge concerning the facts stated herein.

C. All the facts stated herein are true, correct, complete, and certain, not misleading, admissible as evidence, and if stating **I, Me, Myself**, and One Patrick-Joseph: Groulx shall so state:

On January 12, 2023, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

On January 14, 2023, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

On January 19, 2023, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

On January 21, 2023, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

On January 26, 2023, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

On January 28, 2023, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

On February 2, 2023, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

On February 4, 2023, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

D.  If any living soul has information that will controvert and overcome this Declaration,
    since this a commercial matter, please advise me IN WRITING by
    DECLARATION/AFFIDAVIT FORM, under your unlimited commercial liability,
    including but not limited to the pains and penalties of perjury, within 28 days
    providing me with your counter Declaration/Affidavit, proving with particularity by
    stating all requisite actual evidentiary fact(s) and all requisite actual law, and not
    merely the ultimate facts and law conclusions that this affidavit by Declaration is
    substantially and materially my or the fiction's status and factual declaration.

E.  Your silence stands as consent, and tacit approval, for the factual declarations here
    being established as fact as a law matter and this affidavit by Declaration will stand as
    evidence against you.

### Plain Statement of Facts

I declare that the statements above are true to the best of my information, knowledge, and belief.

Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw Michigan 48601
989 860-2550

7-22-2024

Date

### JURAT

SAGINAW COUNTY          )
                        )
MICHIGAN STATE          )

Subscribed and affirmed before me this _22nd_ day for the _July_ month in the
year of our Primal Creator, Two Thousand and Twenty-Four (2024), A.D.

Notary

_100 S. Michigan Ave_                    Seal
Address of notary

_April 29, 2027_
My notary expires

DONNA COLE
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF SAGINAW
My Commission Expires April 29, 2027
Acting in the County of _Saginaw_

January 14, 2023

Attachment
To Exhibit B



What the Icon
Means is More plasma
Being donated

January 26, 2023

Attachments
To Exhib A-B

February 2, 2023





*Exhibit C with Attachments*

### AN AFFIDAVIT OF TRUTH BY Patrick-Joseph: Groulx

NOW COMES Affiant, Patrick-Joseph: Groulx with an Affidavit of Truth.

Affiant incorporates all the facts, truths and declarations in the preceding paragraphs:

A. **I, Patrick-Joseph: Groulx** am competent for stating the matters set forth here with.

B. **I, Patrick-Joseph: Groulx** have personal knowledge concerning the facts stated herein.

C. All the facts stated herein are true, correct, complete, and certain, not misleading, admissible as evidence, and if stating **I, Me, Myself**, and One Patrick-Joseph: Groulx shall so state:

> On January 12, 2023, Baxter International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On January 14, 2023, Baxter International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On January 19, 2023, Baxter International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On January 21, 2023, Baxter International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On January 26, 2023, Baxter International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On January 28, 2023, Baxter International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On February 2, 2023, Baxter International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

> On February 4, 2023, Baxter International's subsidiary, BioLife took over 880 ml of plasma from me, without proper compensation and endangered my wellbeing.

D. If any living soul has information that will controvert and overcome this Declaration, since this a commercial matter, please advise me IN WRITING by DECLARATION/AFFIDAVIT FORM, under your unlimited commercial liability, including but not limited to the pains and penalties of perjury, within 28 days providing me with your counter Declaration/Affidavit, proving with particularity by stating all requisite actual evidentiary fact(s) and all requisite actual law, and not merely the ultimate facts and law conclusions that this affidavit by Declaration is substantially and materially my or the fiction's status and factual declaration.

E. Your silence stands as consent, and tacit approval, for the factual declarations here being established as fact as a law matter and this affidavit by Declaration will stand as evidence against you.

**Plain Statement of Facts**

I declare that the statements above are true to the best of my information, knowledge, and belief.

_Patrick-Joseph: Groulx_     7-22-2024

Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw Michigan 48601
989 860-2550

Date

**JURAT**

SAGINAW COUNTY     )
                  )
MICHIGAN STATE      )

Subscribed and affirmed before me this _22nd_ day for the _July_ month in the year of our Primal Creator, Two Thousand and Twenty-Four (2024), A.D.

_J D Cole_
Notary

_100 S. Michigan_ _____ Seal
Address of notary

_April 29, 2027_
My notary expires

```
DONNA COLE
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF SAGINAW
My Commission Expires April 29, 2027
Acting in the County of Saginaw
```

January 28, 2023

Attachment C
To Exhibit B

February 9, 2023





January 14, 2023

Attachment-A
To Exhibit-C



What the Icon
Means is that
← More plasma
being donated

January 26, 2023

Attachment B
To Exhibit - C

Feb. 2, 2023





January 28, 2023

Attachment C
To Exhibit C

February 4, 2023





NOTICE OF INTENT AND DEMAND

Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw Michigan [48601]
mr.288074@yahoo.com
989 860-2550

*Exhibit D*

July 16, 2023

Takeda Pharmaceuticals U.S.A., Inc. aka BIOLIFE
Attn: Legal Department
95 Hayden Avenue,
Lexington, MA 02421

Legal Department for Takeda Pharmaceuticals,

I am writing you this notice of intention and demand that you pay me $1,000,000,000.00 (One Billion Dollars) within 28 days of the Notice date or I will file a suit against you in Federal Court for your subsidiary BIOLIFE taking out over 880 ml of plasma from me which is a violation of federal law which will include negligence and fraud with a punitive tort  If you do not pay me within 28 days of date of this notice I will sue you for a total of 80 billion dollars for every day your subsidiary BIOLIFE took over 880 milliliters of Plasma from me, in which you agree is a proper relief of judgement against yourself.

Demanding One billion dollars is just like asking $1.00 from someone who has $300.00

This NOTICE is dated 10 days in advance for your convenience.

In alternative you can pay me $640,000.00 that is $80k for each day; this offer ends July 30, 2023.

Failure to compensate me is a negative gesture and your inactivity to compensate me gesture that you want me to sue you in federal court for $80,000,000,000.00 (Eighty Billion Dollars which you deem is the proper compensation as a judgement against yourself

To pay me the amount demanded you must deposit the amount in my Huntington Bank Account using this account number: 02381978707 and a Routing Number: 072403473 with the name PATRICK GROULX and paying me this demanded amount will show a positive gesture of good faith and I will not sue Takeda Pharmaceuticals for the allegations as stated in this NOTICE.

/s/ Patrick-Joseph: Groulx                          Date: July 6, 2023
Patrick-Joseph: Groulx

PROOF OF SERVICE

Patrick-Joseph: Groulx certifies that he mailed Takeda Pharmaceuticals U.S.A., Inc. at 95 Hayden Avenue, Lexington, MA 02421this notice on July 6, 2023 using first class mail through the USPS.

/s/ Patrick-Joseph: Groulx                          Date: July 6, 2023
Patrick-Joseph: Groulx

NOTICE OF INTENT AND DEMAND

Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw Michigan [48601]
mr.288074@yahoo.com
989 860-2550

*Exhibit E*

July 16, 2023

Baxter International aka BioLIfe
Attn: Legal Department
1 Baxter Parkway
Deerfield, IL 60015

Legal Department for Baxter International

I am writing you this notice of intention and demand that you pay me $100,000,000.00 (One Hundred Million Dollars) within 28 days of the Notice date or I will file a suit against you in Federal Court for your subsidiary BIOLIFE taking out over 880 ml of plasma from me which is a violation of federal law which will include negligence and fraud with a punitive tort  If you do not pay me within 28 days of date of this notice I will sue you for a total of $800,000,000.00 dollars for every day your subsidiary BIOLIFE took over 880 milliliters of Plasma from me, in which you agree is a proper relief of judgement against yourself.

Demanding One Hundred Million dollars is just like asking $10.00 from someone who has $230.00

This NOTICE is dated 10 days in advance for your convenience.

In alternative you can pay me $640,000.00 that is $80k for each day; this offer ends July 30, 2023.

To pay me the amount demanded you must deposit the amount in my Huntington Bank Account using this account number: 02381978707 and a Routing Number: 072403473 with the name PATRICK GROULX and paying me this demanded amount will show a positive gesture of good faith and I will not sue you for the allegations as stated in this NOTICE.

/s/ Patrick-Joseph: Groulx                              Date: July 6, 2023
Patrick-Joseph: Groulx

PROOF OF SERVICE

Patrick-Joseph: Groulx certifies that he mailed Baxter International, at 1 Baxter Parkway Deerfield, IL 60015 this notice using first class mail through USPS.

/s/ Patrick-Joseph: Groulx                              Date: July 6, 2023
Patrick-Joseph: Groulx

NOTICE OF INTENT AND DEMAND



Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw Michigan [48601]
mr.288074@yahoo.com
989 860-2550

July 16, 2023

**BioLife**
**Attn: Legal Department**
1200 Lakeside Dr,
Deerfield, Illinois, 60015,

Legal Department for Biolife

I am writing you this notice of intention and demand that you pay $500,000.00 (Five Hundred Thousand Dollars) within 28 days of the date of this NOTICE or I will file a suit against you in Federal Court for taking out over 880 ml of plasma from me which is a violation of federal law. If you do not pay me within 28 days of date of this notice I will sue you for fraud and negligence with a punitive tort for a total of $8,000,000.00 Million dollars for every day you took over 880 milliliters of Plasma from me, in which you agree is a proper relief of judgement against yourself.

Demanding Five Hundred Thousand dollars is just like asking $0.50 from someone who has $100.00

This NOTICE is dated 10 days in advance for your convenience.

In alternative you can pay me $80,000.00 that is $10k for each day; this offer ends July 30, 2023.

To pay me the amount demanded you must deposit the amount in my Huntington Bank Account using this account number: 02381978707 and a Routing Number: 072403473 with the name PATRICK GROULX and paying me this demanded amount will show a positive gesture of good faith and I will not sue you for the allegations as stated in this NOTICE.


/s/ Patrick-Joseph: Groulx                              Date: July 6, 2023
Patrick-Joseph: Groulx

PROOF OF SERVICE

Patrick-Joseph: Groulx certifies that he mailed BioLIfe. at 1200 Lakeside Dr, Deerfield, Illinois, 60015 this notice on July 6, 2023 using 1st class mail through the USPS.

/s/ Patrick-Joseph: Groulx                              Date: July 6, 2023
Patrick-Joseph: Groulx

Exhibit G

being collected, and red blood cells are being returned to the donor.

### § 640.63   Suitability of donor.

(a) *Method of determining.* The suitability of a donor for Source Plasma shall be determined by a qualified licensed physician or by persons under his supervision and trained in determining donor suitability. Such determination shall be made on the day of collection from the donor by means of a medical history, tests, and such physical examination as appears necessary to the qualified licensed physician.

(b) *Initial medical examinations.* (1) Each donor shall be examined by a qualified licensed physician on the day of the first donation or no more than 1 week before the first donation and at subsequent intervals of no longer than 1 year.

(2)(i) A donor who is to be immunized for the production of high-titer plasma shall be examined by a qualified licensed physician. The medical examination shall be performed within no more than 1 week before the first immunization injection. The medical examination for plasmapheresis need not be repeated, if the first donation occurs within 3 weeks after the first injection.

(ii) A donor who is an active participant in a plasmapheresis program, and has been examined in accordance with paragraph (b)(1) of this section, need not be reexamined before immunization for the production of high-titer plasma.

(3) Each donor shall be certified to be in good health by the examining physician. The certification of good health shall be on a form supplied by the licensed establishment and shall indicate that the certification applies to the suitability of the individual to be a plasmapheresis donor and, when applicable, an immunized donor.

(c) *Qualification of donor.* Donors shall be in good health on the day of donation, as indicated in part by:

(1) Normal temperature;

(2) Demonstration that systolic and diastolic blood pressures are within normal limits, unless the examining physician is satisfied that an individual with blood pressures outside these limits is an otherwise qualified

donor under the provisions of this section;

(3) A blood hemoglobin level of no less than 12.5 grams of hemoglobin per 100 milliliters of blood;

(4) A normal pulse rate;

(5) A total serum protein of no less than 6.0 grams per 100 milliliters of serum;

(6) Weight, which shall be at least 110 pounds;

(7) Freedom from acute respiratory diseases;

(8) Freedom from any infectious skin disease at the site of phlebotomy and from any such disease generalized to such an extent as to create a risk of contamination of the plasma;

(9) Freedom from any disease, other than malaria, transmissible by blood transfusion, insofar as can be determined by history and examinations indicated in this section;

(10) Freedom of the arms and forearms from skin punctures or scars indicative of addiction to self-injected narcotics;

(11) Freedom from a history of viral hepatitis;

(12) Freedom from a history of close contact within six months of donation with an individual having viral hepatitis;

(13) Freedom from a history of having received, within six months, human blood or any derivative of human blood which the Food and Drug Administration has advised the licensed establishment is a possible source of viral hepatitis, except for specific immunization performed in accordance with § 640.66 of this part.

(d) *General.* Any donor who, in the opinion of the interviewer, appears to be under the influence of any drug, alcohol, or for any reason does not appear to be providing reliable answers to medical history questions, shall not be considered a suitable donor.

(e) *Failure to return red blood cells.* Any donor who has not had the red blood cells returned from a unit of blood collected during a plasmapheresis procedure or who has been a donor of a unit of whole blood shall not be subjected to plasmapheresis for a period of 8 weeks, unless:

(1) The donor has been examined by a qualified licensed physician and certified by the physician to be acceptable for further plasmapheresis before expiration of the 8-week period;

(2) The donor possesses an antibody that is (i) transitory, (ii) of a highly unusual or infrequent specificity, or (iii) of an unusually high titer; and

(3) The special characteristics of the antibody and the need for plasmapheresing the donor are documented.

[38 FR 32089, Nov. 20, 1973, as amended at 41 FR 10768, Mar. 12, 1976; 43 FR 9805, Mar. 10, 1978; 43 FR 12311, Mar. 24, 1978; 46 FR 57480, Nov. 24, 1981; 50 FR 4140, Jan. 29, 1985]

### § 640.64  Collection of blood for Source Plasma.

(a) *Supervision.* All blood for the collection of Source Plasma shall be drawn from the donor by a qualified licensed physician or by persons under his supervision trained in the procedure.

(b) *Blood containers.* Blood containers and donor sets shall be pyrogen-free, sterile and identified by lot number. The amount of anticoagulant required for the quantity of blood to be collected shall be in the blood container when it is sterilized.

(c) *The anticoagulant solution.* The anticoagulant solution shall be sterile and pyrogen-free. One of the following formulas shall be used in the indicated volumes, except that a different formula may be used for plasma for manufacture into noninjectable products if prior written approval is obtained from the Director of the Center for Biologics Evaluation and Research at the time of licensing or in the form of a supplement to the Source Plasma product license.

(1) *Anticoagulant citrate dextrose solution (ACD).*

| | | |
|---|---|---|
| Tri-sodium citrate ($Na_3C_6H_5O_7 \cdot 2H_2O$). | | 22.0 grams. |
| Citric acid ($C_6H_8O_7 \cdot H_2O$) | | 8.0 grams. |
| Dextrose ($C_6H_{12}O_6 \cdot H_2O$) | | 24.5 grams. |
| Water for injection (U.S.P.) to make. | | 1,000 milliliters. |
| Volume per 100 milliliters blood | | 15 milliliters. |

(2) *Anticoagulant citrate phosphate dextrose solution (CPD).*

| | | |
|---|---|---|
| Tri-sodium citrate ($Na_3C_6H_5O_7 \cdot 2H_2O$). | | 26.3 grams. |
| Citric acid ($C_6H_8O_7 \cdot H_2O$) | | 3.27 grams. |
| Dextrose ($C_6H_{12}O_6 \cdot H_2O$) | | 25.5 grams. |

| | | |
|---|---|---|
| Monobasic sodium phosphate ($NaH_2PO_4 \cdot H_2O$). | | 2.22 grams. |
| Water for injection (U.S.P.) to make. | | 1,000 milliliters. |
| Volume per 100 milliliters blood | | 14 milliliters. |

(3) *Anticoagulant sodium citrate solution.*

| | | |
|---|---|---|
| Tri-sodium citrate ($Na_3C_6H_5O_7 \cdot 2H_2O$). | | 40 grams. |
| Water for injection (U.S.P.) to make. | | 1,000 milliliters. |
| Volume per 100 milliliters of blood | | 10 milliliters. |

(d) *Donor identification.* Each unit of blood and plasma shall be so marked or identified by number or other symbol so as to relate it directly to the donor.

(e) *Prevention of contamination of the blood and plasma.* The skin of the donor at the site of phlebotomy shall be prepared thoroughly and carefully by a method that gives maximum assurance of a sterile container of blood. The blood shall be collected, the plasma separated, and the cells returned to the donor by aseptic methods in a sterile system which may be closed, or may be vented if the vent protects the blood cells and plasma against contamination.

[38 FR 32089, Nov. 20, 1973; 39 FR 13632, Apr. 16, 1974, as amended at 41 FR 10768, Mar. 12, 1976; 49 FR 23834, June 8, 1984; 50 FR 4140, Jan. 29, 1985; 55 FR 11013, Mar. 26, 1990; 59 FR 49351, Sept. 28, 1994; 63 FR 16685, Apr. 6, 1998]

### § 640.65  Plasmapheresis.

(a) *Procedure-general.* The plasmapheresis procedure is a procedure in which, during a single visit to the establishment, blood is removed from a donor, the plasma separated from the formed elements, and at least the red blood cells returned to the donor. This procedure shall be described in detail in the product license application.

(b) *Procedures-specific requirements.* The plasmapheresis procedure shall meet the following requirements:

(1)(i) A sample of blood shall be drawn from each donor on the day of the first medical examination or plasmapheresis, whichever comes first and at least every 4 months thereafter by a qualified licensed physician or by persons under his supervision and trained in such procedure. A serologic test for syphilis, a total plasma or serum protein determination, and a plasma or serum protein electrophoresis or quantitative immuno-diffusion test or an

# FDA Memorandum: Volume Limits for Automated Collection of Source Plasma
(4 November 1992)

| Donor Weight | Plasma Volume or Weight | | Collection Volume | |
|---|---|---|---|---|
| 110-149 lbs | 625 mL | (640 g) | 690 mL | (705 g) |
| 150-174 lbs | 750 mL | (770 g) | 825 mL | (845 g) |
| ≥ 175 lbs | 800 mL | (820 g) | 880 mL | (900 g) |

# CBER Donor Fatality Reporting

21 CFR 640.73 Subpart G – Source Plasma

"If a donor has a fatal reaction which, in any way, may be associated with plasmapheresis…."

- Immediate notification to CBER

- FDA can be reached 24 hours/day, 7 days/week

- Written follow-up report within 7 days

Volume Limits - Automated Collection of Source Plasma (11/4/92)

Date:        4 November 1992

From:        Director, Center for Biologics Evaluation and
             Research

Subject:     Volume Limits for Automated Collection of Source
             Plasma

To:          All Registered Blood Establishments


The increased number of automated plasma collection devices with
varying capacities for tailoring each collection to the specific
donor has resulted in the existence of multiple Food and Drug
Administration (FDA) approved nomograms which specify, for each
piece of equipment, the maximum volume of plasma to be harvested
from each donor category.  Current considerations in determining
the volume of plasma to be collected include gender, height,
weight, hematocrit, and in some centers, the length of time in
process or the number of cycles.  Because multiple equipment
types commonly coexist in a location, the potential for error
due to application of an inappropriate nomogram is significantly
increased.  The use of various anticoagulant solutions, differing
concentrations of the anticoagulant, and a range of anticoagulant
to plasma ratios, additionally complicates some schema and
creates additional opportunity for error.

The experience to date with all of the approved equipment
indicates that there is no discernible impact on donor safety or
product quality with the use of any of the current limits in
preference to any other.  Some Source Plasma manufacturers have
requested and received approval for simplified nomograms.  The
FDA supports this type of process change which potentially
improves the consistency of procedures for manufacturing and
minimizes the opportunity for staff error.

To promote rapid implementation of such simplified schema, the
Center for Biologics Evaluation and Research is informing all
manufacturers that the following limits may be adopted without
further notice.  The anticoagulant volume is included in the
third column below.  This volume is based on a 1:16 (0.06) ratio
of anticoagulant to anticoagulated-blood.

| Donor Weight | Plasma Volume or Weight | Collection Volume |
|---|---|---|
| 10-149 lbs | 625 mL (640 g) | 690 mL (705 g) |
| 150-174 lbs | 750 mL (770 g) | 825 mL (845 g) |
| 175 lbs & up | 800 mL (820 g) | 880 mL (900 g) |

It has been determined that the use of this simplified nomogram does not constitute a significant change in manufacturing and, therefore, does not require advance approval of amendments to licenses.  However, it should be noted that the nomogram is intended to be adopted as a complete set of limits.  The simplified nomogram and the equipment manufacturer's nomogram should not be used simultaneously in the same center.  Portions of the table should not be selectively applied in combination with some other system of limits.  Variations will require advance approval of license amendments based on supporting documentation including evidence that the chance of error is not increased.

To monitor potential adverse reactions and ensure that no increased frequency of reactions is observed with this change in the volume of plasma collected, it is requested that any reactions observed for the first 1,000 procedures done under your license be reported to the FDA.  If plasma from 1,000 donors has not been collected during the first three months after implementation of the new nomogram, please provide an interim report of any reactions occurring during the first three months. For your convenience we have provided a format for reporting of the desired information on adverse reactions.


                         Kathryn C. Zoon, Ph.D.

----

                     Addendum to FDA Memorandum
                       Suggested Format for
          Experience Report On Plasma Collection Adverse Events

Automated device used for collection:

Anticoagulant used:

Anticoagulant to anticoagulated-whole blood ratio used during this collection procedure:

Weight of donor:

Height of donor:

Donor number and gender of donor:

Hematocrit prior to collection:

Total protein prior to collection:

Amount of plasma collected when reaction occurred:

Amount of anticoagulant used before reaction occurred:

Amount of saline administered before reaction (if any):

Type of reaction and severity (mild, moderate, severe, life-threatening):

Signs/symptoms of reaction:

Blood pressure at time of reaction:

Was physician notified?:

Treatment of donor:

Any operator error detected?

If yes, please provide additional details in accordance with FDA memorandum, March 20, 1991:  Responsibilities of Blood Establishments Related to Errors & Accidents in the Manufacture of Blood and Blood Components.

Other comments:


Submit to: Dr. Kathryn C. Zoon, Director
           Center for Biologics Evaluation and Research
           8800 Rockville Pike HFB-940
           Bethesda, MD 20892

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Patrick-Joseph:Groulx | Takeda Phramaceutical Company, Baxter Heatlh Care Corporation, and Biol ife Plasma Services LP |

**(b)** County of Residence of First Listed Plaintiff ___Saginaw___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ___Middlesex___ *Sussex*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Patrick-Joseph: Groulx P(00000), 2070 Houlihan Road, Saginaw Michigan; 989 860-2550

Case: 1:24-cv-12000
Judge: Ludington, Thomas L.
MJ: Morris, Patricia T.
Filed: 07-30-2024

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 ( Diversity)
Brief description of cause:
fraud for takeing out over 880 ml of plssama out of Plaintiff

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 80,808,000,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE July 29, 2024
SIGNATURE OF ATTORNEY OF RECORD Patrick - Joseph : Groulx

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____