UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK JOSEPH GROULX,

        Plaintiff,                    Case No. 1:24-cv-12000

v.                                        Honorable Thomas L. Ludington
                                            United States District Judge
TAKEDA PHARMACEUTICAL COMPANY,
*et al.*                                        Honorable Patricia T. Morris
                                            United States Magistrate Judge

        Defendants.
_____/

**OPINION AND ORDER (1) OVERRULING OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION IN PART; (3) DISMISSING CASE FOR FRIVOLITY AND FAILURE TO STATE A CLAIM; AND (4) ENJOINING PLAINTIFF FROM FURTHER FILINGS WITHOUT FIRST OBTAINING LEAVE**

        Plaintiff Patrick Joseph Groulx alleges that BioLife Plasma Services, LP unlawfully took too much of his plasma throughout eight blood donations in January and February 2023. But Plaintiff's claims are not cognizable and Plaintiff has not shown a sufficiently concrete and particularized injury to satisfy Article III standing. So because Plaintiff proceeds *in forma pauperis*, Magistrate Judge Patricia T. Morris issued a report (R&R) recommending this Court *sua sponte* dismiss Plaintiff's Complaint for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

        But this is not the first time Plaintiff has filed a frivolous case. Indeed, Plaintiff has filed *14* other lawsuits in this District since 2019. One remains pending. One was dismissed on the merits. One was dismissed for failure to prosecute. One was dismissed under the Prisoner Litigation Reform Act's "three-strikes rule." The remaining *nine* were dismissed for frivolity and failure to state a claim. Plaintiff's prior cases have sued defendants ranging from the Saginaw County Road Commission to the People's Republic of China. And his cases have included factual

allegations involving herbicide exposure, cannabis TikToks, false medical records, product safety labels, blood draws, ditch digging, and railroad-track laying. Given this history of frivolous—and often duplicative—litigation, the R&R recommended that this Court enjoin Plaintiff from filing further complaints in this District without first seeking and obtaining leave.

Plaintiff filed six objections to the R&R. But, as explained below, all are improper or lack merit. The R&R will therefore be adopted in large part. This Court will dismiss Plaintiff's Complaint and enjoin Plaintiff from further filings without first obtaining leave. This Court modifies the R&R only to the extent it limited Plaintiff's future requests for leave to a "single page," and accordingly will allow Plaintiff to request leave to file future complaints by either filing a copy of the proposed complaint or a licensed lawyer's certification that the proposed complaint is filed in good faith or is not frivolous.

I.

On July 30, 2024, Plaintiff Patrick Joseph Groulx filed a *pro se* Complaint alleging BioLife Plasma Services, LP ("BioLife") unlawfully "took over 880ml of plasma" from him on six separate occasions in January 2023, and on two additional occasions in February 2023 when Plaintiff was attempting to donate his blood at a center in Flint, Michigan.[1] ECF No. 1 at PageID.4. Plaintiff does not allege any direct injuries, and instead maintains that the excess plasma draws *could* have endangered his health because "[t]aking too much plasma can lead to" dehydration, fatigue, dizziness, and other similar consequences. *Id.* at PageID.5 ("Plaintiff believes that taking over

---

[1] Plaintiff names numerous Defendants in his *pro se* Complaint, in an apparent attempt to sue the correct legal entity for Defendant BioLife Plasma Services, LP. *See* ECF No. 1 at PageID.1. Plaintiff alleges that Takeda Pharmaceutical Company and the Baxter Healthcare Corporation are the "parents" of BioLife, *id.* at PageID.4, and accordingly sues Takeda, Baxter, and numerous of their apparent corporate affiliates. *See id.* at PageID.1. For the purposes of this Opinion, all Defendants will be referred to as "BioLife."

880ml of plasma from a person is wrong because it can put the person's health at risk."). Yet Plaintiff collectively seeks nearly $90,000,000,000 in damages. *Id.*

On August 6, 2024, the undersigned referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 4. That same day, Judge Morris granted Plaintiff's application to proceed *in forma pauperis* (IFP). ECF No. 5. On August 21, 2024, Judge Morris issued a twofold report and recommendation (R&R). ECF No. 6.

First, Judge Morris recommended this Court *sua sponte* dismiss Plaintiff's Complaint for frivolity and failure to state a claim under the Prisoner Litigation Reform Act's (PLRA's) screening requirements, 28 U.S.C. § 1915(e)(2)(B), which apply to complaints filed by non-prisoners who proceed IFP. *Id.* at PageID.44–48. Judge Morris explained that "plasmapheresis, [the] process through which plasma is extracted from the blood of human donors," is governed by the Food, Drug, and Cosmetics Act of 1938 (the "FDCA"). *Id.* at PageID.44–45. And although Plaintiff contends that the FDCA caps a single collection of plasma at 880ml, Judge Morris concluded Plaintiff's claim is not cognizable because "individuals cannot enforce the FDCA or its corresponding regulations through private, civil actions." *Id.* at PageID.46 (collecting cases). To the extent Plaintiff's liberally construed *pro se* Complaint also asserted a negligence—or any other—claim, Judge Morris concluded such claim should be dismissed for lack of Article III standing, because "simply being put at a 'risk' of illness"—Plaintiff's alleged injury—is insufficiently concrete. *Id.* at PageID.47.

Second, Judge Morris recommended that this Court enjoin Plaintiff from further filings without first seeking leave of the Court. *Id.* at PageID.48–51. Judge Morris explained:

> In 2019, Groulx filed a case in state court against a company he accused of negligently spraying an herbicide on a farm neighboring his home. (*Groulx v. Crop Production Servs.*, No. 1:19-cv-12560, ECF No. 1-1 (E.D. Mich. filed August 30, 2019)). Groulx alleged that he inhaled the herbicide after it drifted onto his property

- 3 -

and that he later experienced headaches, breathing difficulties, and erectile disfunction. (*Id.*) The matter was removed to this Court, and the Court later entered summary judgment against Groulx. (ECF No. 1; ECF No. 81)

Yet this was only the beginning of Groulx's crusade. Between 2019 and 2022, Groulx filed *five* more cases regarding the neighboring farm's use of herbicides.[2] And during this time, he brought *three* other unrelated actions concerning trivial and odd disputes.[3] For instance, he sued the social media platform, Tik Tok, for deleting an account on which he posted videos demonstrating "how to grow marijuana." (*Groulx v. People's Republic of China*, 1:22-cv-12295, ECF No. 1, PageID.3 (E.D. Mich. Sept. 27, 2022). In another case, Groulx sued his municipality for mowing a ditch on his property that he believed to contain endangered plants and insects. (*Groulx v. Saginaw Cnty. Road Comm'n*, 1:22-cv-12049, ECF No. 1, PageID.2–3 (E.D. Mich. Aug. 29, 2022)).

Each of these seven complaints are difficult to follow, riddled with bizarre statements, and smacking of paranoid delusions. Not surprisingly, they have all been dismissed on the Court's own motion for lack or jurisdiction or Groulx's failure to state a claim.[4] Despite this, Groulx still continues to inundate the Court with strange, frivolous complaints. Indeed, following a brief hiatus from his litigious endeavors, Groulx returned to the Court this [past] summer to file *eight* more complaints between July and August [2024].[5] Like his prior actions, these new complaints are frivolous and draw the court's attention from other plaintiffs with legitimate disputes.

*Id.* at PageID.49–50 (footnotes in original, emphasis added).

---

[2] *See, e.g.*, *Groulx v. Zawadski*, 1:22-cv-12294 (E.D. Mich. filed Sept. 27, 2022); *Groulx v. Dollar General Corp., Inc.*, No.. 1:22-cv-12050 (E.D. Mich. filed Aug. 29, 2022); *Groulx v. Dollar General Corp., Inc.*, 1:22-cv-12049 (E.D. Mich. filed August 29, 2022); *Groulx v. People's Republic of China (PRC)*, No. 1:22-cv-11369 (E.D. Mich. filed June 21, 2022); *Groulx v. Dollar General Corp.*, 1:21-cv-10811 (E.D. Mich. Mar. 29, 2021)).

[3] *Groulx v. CSX Transp.*, 1:22-cv-12296 (E.D. Mich. filed Sept. 27, 2022); *Groulx v. People's Republic of China*, 1:22-cv-12295, (E.D. Mich. Sept. 27, 2022); *Groulx v. Saginaw Cnty. Road Comm'n*, 1:22-cv-12049 (E.D. Mich. Aug. 29, 2022).

[4] That is with the exception of *Groulx v. CSX Transp.*, which was dismissed for Groulx' failure to prosecute. (*Groulx v. CSX Transp.*, 1:22-cv-12296, ECF No. 12 (E.D. Mich. filed Sept. 27, 2022)).

[5] *Doe v. Groulx*, 1:24-cv-12129 (E.D. Mich. filed Aug. 14, 2024); *Groulx v. Takeda Pharmaceutical Company*, 1:24-cv-12000 (E.D. Mich. filed July 30, 2024); *Groulx v. Master*, 1:24-cv-11997 (E.D. Mich. filed July 30, 2024); *Groulx v. CSL Limited*, 1:24-cv11996 (E.D. Mich. filed July 30, 2024); *Groulx v. Covenant Med. Ctr., Inc.*, 1:24-cv-11989 (E.D. Mich. filed July 30, 2024); *Groulx v. Janssen Pharmaceuticals*, 1:24-cv-11960 (E.D. Mich. filed July 22, 2024); *Groulx v. Mobile Med. Response, Inc.*, 1:24-cv-11953 (E.D. Mich. July 22, 2024); *Groulx v. China Nat. Chem. Co.*, 1:24-cv-11760 (E.D. Mich. July 8, 2024).

Accordingly, Judge Morris recommended this Court enjoin Plaintiff "from filing and new lawsuit in the United States District Court for the Eastern District of Michigan, or from filing a motion in any previously dismissed matter in this District, without first making a written request for, and receiving a court order from the Presiding Judge authorizing, the filing of such lawsuit or motion." *Id.* at PageID.51.

On September 3, 2024, Plaintiff objected to both facets of Judge Morris's R&R under Civil Rule 72(a). ECF No. 7.

## II.

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Any objection that fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]"); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Additionally, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely, specific objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P.

72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court may accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

### III.

Plaintiff has raised six objections to the R&R. *See* ECF No. 7. Each will be addressed in turn.

### A.

In his first objection, Plaintiff argues Judge Morris erred in dismissing his complaint under the PLRA's "three-strike rule" because this rule violates the Eighth Amendment. ECF No. 7 at PageID.54–56. This misplaced objection will be overruled.

The PLRA's "three-strikes" rule—codified at 28 U.S.C. § 1915(g)—prohibits prisoners and non-prisoners proceeding IFP from bringing a civil action or appeal if, "on three or more prior occasions," they have "brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Relatedly, but separately, the PLRA authorizes courts to dismiss complaints filed by prisoners and non-prisoners proceeding IFP "at any time" if the action (1) "is frivolous or malicious," (2) "fails to state a claim upon which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Contrary to Plaintiff's contention, Judge Morris recommended this Court dismiss Plaintiff's complaint under the latter, rather than the former, statute. *See* ECF No. 6 at PageID.43 (citing 28 U.S.C. §

1915(e)). Indeed, the R&R does not discuss or apply the PLRA's three-strikes rule. *See generally id.* Plaintiff's first objection, arguing the three-strikes rule was applied in error, will thus be overruled.

**B.**

In his second objection, Plaintiff asks this Court to "grant [him] leave to amend [his] [C]omplaint pursuant to" Civil Rule 15, instead of dismissing it. ECF No. 7-1 at PageID.69-71. This objection does not identify any error within Judge Morris's R&R, and will thus be overruled as improper. *See Edwards v. Bazerghi,* No. 23-11704, 2024 WL 492776, at *3 (E.D. Mich. Feb. 8, 2024), *appeal dismissed*, No. 24-1204, 2024 WL 2972811 (6th Cir. Mar. 29, 2024) (construing plaintiff's request for leave to amend complaint as an objection to an R&R, but overruling the objection because it did not specify any error within the R&R).

Moreover, even if this Court construed Plaintiff's improper objection as a *motion* for leave to amend his complaint, the motion would be denied. First, Local Rule 15 requires parties seeking to amend their complaint to attach the proposed amendment to their motion. Plaintiff has not done so. *See generally* ECF No. 7. Second, in part because Plaintiff has not provided his proposed amendment, this Court cannot assess whether Plaintiff's proposal is futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (noting district courts do not abuse their discretion in denying leave to amend sought under Civil Rule 15 when proposed amendment is "futile" and "could not withstand a Rule 12(b)(6) motion to dismiss"). Indeed, although Plaintiff seeks leave to amend, he does not indicate what additional facts he would allege, let alone explain how these hypothetical additional facts would cure his Complaint's deficiencies and undermine Judge Morris's R&R. *See* ECF No. 7-1 at PageID.69–71.

## C.

In his third objection, Plaintiff argues that the R&R's "characterization" of his litigation history—particularly that his prior complaints have been "difficult to follow, riddled with bizarre statements and smacking of paranoid delusions"—was "inappropriate" and "beyond the scope of the Court's professional duties," such that "recusal may be appropriate." ECF No. 7-2 at PageID.84 (referring to ECF No. 6 at PageID.50).

Plaintiff's third objection is improper. Although Plaintiff disagrees about *how* Judge Morris "characterized" his former complaints, he does not argue—let alone explain—how her characterization was *erroneous*. See *Aldrich*, 327 F. Supp. 2d at 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement" with a portion of the R&R "is not an 'objection' as that term is used in this context."). But even if Plaintiff's third objection was proper and identified some specific error in the portion of the R&R discussing Plaintiff's litigation history and recommending a prefiling injunction, this Court would issue such injunction *de novo.*

Pre-filing injunctions are warranted when a particular plaintiff has a lengthy litigation history, including "frivolous, vexatious, and repeated" suits. See *Holland v. Madison Heights Police Dep't*, No. 21-CV-10629, 2023 WL 1798747, at *6 (E.D. Mich. Jan. 5, 2023), *report and recommendation adopted*, No. 21-10629, 2023 WL 1325494 (E.D. Mich. Jan. 31, 2023); U.*S. ex rel. Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669, 671 (7th Cir. 1995). Other relevant factors include whether the plaintiff's prior suits were filed in good faith, whether the plaintiff has been represented by counsel, and whether the plaintiff's prior suits "posed an unnecessary burden on the courts and their personnel." *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 940, n. 18 (6th Cir. 2002); *Scott v. Bradford*, No. 13-12781, 2014 WL 6675354, at *4 (E.D. Mich. Nov. 25, 2014). And, as the R&R correctly explained, "an injunction is proper [only] 'where the litigant's abusive

and lengthy history is properly set forth.'" *Scott*, 2014 WL 6675354, at *3 (quoting *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir.2013)).

Plaintiff's litigation history is accordingly "set forth" in the following table:

| Case Name | Case No. | Background | Status |
|---|---|---|---|
| Groulx v. Crop Prod. Servs. | 19-12560 | Plaintiff alleged that chemicals sprayed on his neighbor's property drifted to his, harming him and his livestock (bees). | All but one count dismissed for failure to state a claim, ECF No. 24; negligence claim dismissed at the summary judgment stage, ECF No. 71 |
| Groulx et al v. Dollar Gen. Corp. | 21-10811 | Plaintiff alleged that a proposed Dollar General construction would involve hazardous chemicals that would harm members of the general public and accordingly sought to enjoin the construction. | *Sua sponte* dismissed for frivolity and lack of Article III standing under PLRA screening, ECF Nos. 8; 9 |
| Groulx v. CSX Corp. | 22-12296 | Plaintiff alleged that Defendants did not "fix the railways" in Saginaw, Michigan, and that his cars—along with other "fire and police vehicles"—were damaged going over the tracks. | Dismissed for failure to prosecute, ECF No. 12 |
| Groulx v. Dollar Gen. Corp. | 22-12050 | Plaintiff alleged that he was "hit by hazardous chemicals" throughout Dollar General's construction of a new store. | *Sua sponte* dismissed for failure to state a claim under PLRA screening, ECF No. 5 |
| Groulx v. Saginaw Cnty. Rd. Comm'n | 22-12049 | Plaintiff alleged that Defendant intentionally destroyed his property—and purported endangered plant and insect species located there—by mowing a ditch near the public road neighboring Plaintiff's property. | *Sua sponte* dismissed for failure to state a claim under PLRA screening, ECF No. 6 |
| Groulx v. People's Republic of China | 22-11369 | Plaintiff alleged that he was somehow exposed to a harmful herbicide—produced by Defendant—which caused him diarrhea and prevented him from sleeping, eating, and having an orgasm for two weeks. After Plaintiff discovered the herbicide was a "carcinogen," Plaintiff additionally alleged | *Sua sponte* dismissed for failure to state a claim under PLRA screening, ECF Nos. 6; 13 |

- 9 -

| | | | |
|---|---|---|---|
| | | Defendant negligently failed to identify the "type of cancer" he may develop from his exposure to the herbicide. | |
| Groulx v. Zawadski | 22-12294 | Plaintiff alleged that a proposed Dollar General construction would involve hazardous chemicals that would harm members of the general public and accordingly sought to enjoin the construction. | *Sua sponte* Dismissed under PLRA's three strikes rule, ECF No. 5 |
| Doe v. Groulx | 24-12129 | Plaintiff received a traffic ticket for failing to yield and attempted to remove the ticket proceedings from state to federal court and attempted to file a counterclaim that the officer involved "pursu[ed] an action without probable cause," violated his Eighth Amendment rights to be free from cruel and unusual punishment, and violated his due process rights. | Remanded back to state court, because removal was improper, ECF Nos. 8; 9 |
| Groulx v. Mobile Med. Response Inc. | 24-11953 | After being diagnosed with schizophrenia and refusing treatment, Plaintiff's case manager ordered him to be involuntarily hospitalized. On the way to the hospital, the Defendant ambulance service reported that the transport was for "psychiatric/suicide attempt" purposes. But Plaintiff alleged this report unlawfully created a "false narrative." | *Sua sponte* dismissed for frivolity and failure to state a claim under PLRA screening, ECF Nos. 7; 9 |
| Groulx v. China Nat'l Chem. Co. | 24-11760 | Same as in 22-cv-11369. | *Sua sponte* dismissed for failure to state a claim under PLRA screening, complaint was barred by claim preclusion, ECF Nos. 7; 11 |
| Groulx v. Covenant Med. Center, Inc. | 24-11989 | Plaintiff met with a doctor concerning his purported exposure to herbicides and chemicals. After the doctor concluded Plaintiff's problems were psychological rather than physical, Plaintiff sued the doctor and his employer. | *Sua sponte* dismissed for frivolity and failure to state a claim under PLRA screening, ECF Nos. 7; 9. |
| Groulx v. Janssen Pharm. | 24-11960 | Plaintiff alleges he admitted himself to the hospital in November 2020 to "seek guidance on dealing with . . . harmful | *Sua sponte* dismissed for frivolity and failure |

- 10 -

| | | | |
|---|---|---|---|
| | | chemical exposure" but was not allowed to leave and further alleges he was given "undisclosed medication" and received an unknown "injection" during his stay. Plaintiff accordingly sued the purported manufacturers of the medication and injection, alleging they provided insufficient safety information concerning whether the medication was appropriate for those who "suffered exposure to hazardous chemicals." | to state a claim under PLRA screening, ECF No. 6 |
| Groulx v. CSL Limited | 24-11996 | Plaintiff sued a plasma collection company, alleging (1) one of their employees negligently inserted a needle in Plaintiff's arm when he was donating blood, (2) the company took more plasma than they should have, and (3) the company failed to fully pay Plaintiff for the plasma he donated. | *Sua sponte* dismissed for frivolity and failure to state a claim under PLRA screening, ECF Nos. 7. |
| Groulx v. Master | 24-11997 | Plaintiff alleges Defendant, the "Spaulding Township Supervisor," violated his constitutional rights by "restricting [his] speech to three minutes" and "falsely accusing [him] of selling cannabis." | Pending |

As shown in this table, in addition to this case, Plaintiff has filed *14* lawsuits in this Judicial District since 2019, eight of which were filed in 2024 alone. None have succeeded on the merits. Of these fourteen cases, one remains pending, one was dismissed on the merits, one was dismissed for failure to prosecute, one was dismissed under the PLRA's three-strikes rule, and the remaining *nine* were dismissed for frivolity or failure to state a claim. Although nothing suggests Plaintiff initiated these cases in bad faith or to harass any opposing party,[6] these cases have caused opposing parties to incur considerable expenses and have distracted multiple judges and staff members

---

[6] As reflected in the records of Plaintiff's prior cases, Plaintiff may be suffering from significant mental health issues affecting his perception and memory. Indeed, in his objections to the R&R, Plaintiff explains that he suffers from "mental and physical health challenges" and that he filed his prior complaints when his "cognitive abilities" were "significantly impaired." ECF No. 7-4 at PageID.116.

across this District from other matters. Thus, Plaintiff should be enjoined from filing further suits without first obtaining leave. *See, e.g.*, *Chance v. Todd*, 74 F. App'x 598, 600 (6th Cir. 2003) (affirming filing injunction when plaintiff was a "prolific litigant who ha[d] filed at least four frivolous lawsuits"); *Scott*, 2014 WL 6675354, at *7 (issuing pre-filing injunction because plaintiff's "lengthy history of . . . duplicative lawsuits [was] well documented"); *Holland*, 2023 WL 1798747, at *6 (imposing pre-filing injunction because plaintiff's history of filing frivolous and "difficult to follow" complaints burdened opposing parties and "divert[ed] scarce judicial resources from legitimate legal disputes").

### D.

Turning to his fourth objection, Plaintiff argues that this prefiling injunction violates (1) his Eighth Amendment right to be free from cruel and unusual punishment, and (2) his Fourteenth Amendment due process rights. ECF No. 7-3 at PageID.100.

The first argument is misplaced. *See Easterling v. Ohio,* No. 3:13-CV-024, 2013 WL 4456151, at *9 (S.D. Ohio Aug. 16, 2013), *report and recommendation adopted*, No. 3:13-CV-24, 2013 WL 4757484 (S.D. Ohio Sept. 4, 2013) (concluding the Eighth Amendment is not violated when a court labels a litigator vexatious or enjoins them from filings without first obtaining leave); *Edokobi v. Grimm*, No. GJH-19-905, 2020 WL 1063064, at *10 (D. Md. Mar. 4, 2020), *aff'd*, 837 F. App'x 237 (4th Cir. 2021) ("[I]t cannot be the case that imposing a prefiling injunction . . . implicates the Eighth Amendment[.]").

The second argument lacks merit. True, to comport with due process, prefiling injunctions cannot unnecessarily preclude a plaintiff's access to the courts, and must accordingly be narrowly

tailored.[7] *See Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019). To strike this balance, the R&R recommends that Plaintiff be enjoined "from filing any new lawsuit in the United States District Court for the Eastern District of Michigan, or from filing a motion in any previously dismissed matter in this District, without first making a written request for, and receiving a court order from the Presiding Judge authorizing, the filing of such lawsuit or motion." ECF No. 6 at PageID.51. The R&R explains that Plaintiff's request for leave "should include a concise explanation of the facts and legal basis for Groulx's proposed lawsuit or motion" and should not exceed "a single page." *Id.*

Having conducted *de novo* review, the R&R's recommended injunction precluding Plaintiff from making any filings without first obtaining leave of court—although sweeping—is sufficiently narrowly tailored to prevent Plaintiff's equally sweeping pattern of frivolous litigation. However, this Court will modify the instructions of the injunction to better comport with recent guidance from the Sixth Circuit. Although Plaintiff will be enjoined from making any filings without first obtaining leave of court, he may request this leave by filing either (1) "a certificate from an attorney, stating that there is a good faith basis for his proposed complaint," or (2) his

---

[7] Notably, some federal courts have vacated prefiling injunctions which—like the one contemplated here—enjoined plaintiffs from making "any and all" filings without first obtaining leave of court. *See, e.g.*, *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004). But the plaintiffs in those cases cabined their frivolous filings to one group of defendants or one type of claim, so those courts held the injunctions should be similarly cabined. *See, e.g. Safir*, 792 F.2d at 25 (modifying injunction to prevent plaintiff from further filings regarding specific defendants' "pricing practices or merchant marine subsidies during the 1965-1966 period without first obtaining leave"); *Cromer*, 390 F.3d at 818–19 (remanding for district court to issue a more narrowly tailored injunction because "all of [plaintiff's] filings . . . concerned his single case against" a specific defendant). Unlike the plaintiffs in those cases, Plaintiff here has sued Defendants ranging from the Saginaw County Road Commission to the People's Republic of China. Plaintiff's claims have historically ranged from tortious negligence to various violations of his federal constitutional rights and have sporadically involved herbicide exposure, TikToks, medical records, product liability labels, plasma donations, ditch digging, and railroad-track laying.

proposed complaint for preliminary review. *Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019) (affirming prefiling injunction as narrowly tailored). As recommended in the R&R, this Court will direct the Clerk of Court to assign a miscellaneous case number to any request for leave filed by Plaintiff, which this Court can then assess for frivolity.

E.

In his fifth objection, Plaintiff argues the R&R incorrectly and unfairly labeled him a "vexatious" litigant. ECF No. 7-4 at PageID.115–18. But the R&R never labeled Plaintiff a vexatious litigant. *See* ECF No. 6. Indeed, the only time the word "vexatious" is mentioned within the R&R is when Judge Morris cited Sixth Circuit precedent affirming prefiling injunctions when a plaintiff has a "history of repetitive *or* vexatious litigation." *Id.* at PageID.49 (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)) (emphasis added). Plaintiff's fifth objection will accordingly be overruled.

F.

In his sixth and final objection, Plaintiff argues that the R&R vaguely described his prior complaints "as 'bizarre' without providing specific examples of explanations as to how these complaints are considered so." ECF No. 7-5 at PageID.131–33 (quoting ECF No. 6 at PageID.50). This objection will be overruled as improper. The R&R dedicated three pages to Plaintiff's litigation history and thoroughly explained why Plaintiff's prior complaints were dismissed for frivolity. ECF No. 6 at PageID.49–51. Although Plaintiff quibbles with the use of the word "bizarre," the R&R's analysis would remain just as sound even if this word was omitted. *See Edkins v. United States*, No. 15-CV-10615, 2016 WL 4011241, at *6 (E.D. Mich. July 27, 2016) (overruling factual objection that did "not undermine the basis" of the R&R); *Fugate v. Erdos*, No. 1:19-CV-30, 2021 WL 4437473, at *3 (S.D. Ohio Sept. 28, 2021), *aff'd in part, appeal dismissed*

*in part*, No. 21-4025, 2022 WL 3536295 (6th Cir. Aug. 18, 2022) (overruling objection to "Magistrate Judge's choice of words"); *Hoffman v. Alfrey*, No. 1:15-CV-1194, 2020 WL 6390178, at *2 (W.D. Mich. Nov. 2, 2020) (same).

## IV.

Accordingly, Plaintiff's Objections to the Report & Recommendation, ECF No. 7, are **OVERRULED.**

Further, it is **ORDERED** that the Report & Recommendation, ECF No. 6, is **VACATED IN PART**, to the extent it required Plaintiff to submit a one-page request to obtain leave of court for future filings.

Further, it is **ORDERED** that the Report & Recommendation, ECF No. 6, is **ADOPTED IN PART**, in all other respects.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** for frivolity and failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Further, it is **ORDERED** that Plaintiff Patrick Joseph Groulx is **ENJOINED** from filing any further lawsuits in the United States District Court for the Eastern District of Michigan without obtaining leave of court. To request leave of court, Plaintiff may file either (1) a certificate from a licensed attorney averring a good faith basis for Plaintiff's proposed complaint, or that such proposed complaint is not frivolous; or (2) a copy of the proposed complaint itself. The Clerk of Court is **DIRECTED** to assign a miscellaneous case number to any request for leave filed by Plaintiff, which the assigned judicial officer can then assess for frivolity.

**This is a final order and closes the above-captioned case.**

Dated: February 6, 2025                                          s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                 United States District Judge